UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

LARRY E. HARRISON,

        Plaintiff,

v.

        Case No. 1:25-cv-678

        Honorable Robert J. Jonker

UNKNOWN DOUGLAS,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

As set forth below, Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

---

*in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

2

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious or failed to state a claim. *See, e.g., Harrison v. Collette et al.*, No. 1:15-cv-1007 (W.D. Mich. Nov. 6, 2015); *Harrison v. Palmer et al.*, No. 1:15-cv-1005 (W.D. Mich. Nov. 2, 2015); *Harrison v. City of Detroit et al.*, No. 2:03-cv-73102 (E.D. Mich. Sep. 26, 2003).

In the first case listed, *Harrison v. Collette et al.,* No. 1:15-cv-1007 (W.D. Mich.), Plaintiff's 99-page complaint listed innumerable grievances arising from 2012 until 2015, involving 31 Defendants. Defendant Ingham County Circuit Court Judge Hon. William E. Collette was the first Defendant named in that action. Plaintiff made no allegations against any other Defendant that were related to his claims against Defendant Collette. As a result, no claim against any of the other 30 Defendants in that case were transactionally related to Plaintiff's claim against Defendant Collette. Op., *id.*, ECF No. 6, PageID.138.[2] For that reason, the court concluded that the remainder of the Defendants named were improperly joined pursuant to Federal Rule of Civil Procedure 20(a) and determined that Plaintiff would not suffer gratuitous harm if the improperly joined Defendants were dismissed. *Id.*, PageID.140–1. The court then dismissed the improperly

---

[2] As noted in the court's opinion, a civil plaintiff may not name more than one defendant in a complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. Op., *Harrison v. Collette et al.*, No. 1:15-cv-1007 (W.D. Mich. Nov. 6, 2015) (quoting *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009)).

joined Defendants without prejudice to Plaintiff's ability to file new separate lawsuits against those Defendants pursuant to Rule 21(1) of the Federal Rules of Civil Procedure. *Id.*, PageID.135–141.

The court addressed Plaintiff's claims against Defendant Collette on the merits and ruled that because Defendant Collette was entitled to absolute judicial immunity, Plaintiff failed to state a claim against Defendant Collette. *Id.*, PageID.135, 141 (citing *Barnes v. Winchell*, 105 F.3d 1111, 1123 (6th Cir. 1997).[3]

Even though the dismissal of the misjoined Defendants was without prejudice, the Court concludes that Plaintiff's failure to state a claim against Defendant Collette warrants the imposition of a strike because if misjoinder forecloses a strike, it would undermine the purpose of the PLRA. As the Seventh Circuit explained:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, simply by adding an unrelated claim to every action, a prisoner could effectively avoid ever incurring a strike.

In the second case listed as a strike above, *Harrison v. Palmer et al.*, No. 1:15-cv-1005, the court dismissed the case with prejudice on grounds of immunity and failure to state a claim

---

[3] In *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024), the Sixth Circuit concluded that dismissals for sovereign immunity are not counted as strikes because they are dismissals for lack of subject-matter jurisdiction rather than dismissals on the merits. The Court explained that such dismissals do not count as frivolous, as malicious, or as a failure to state a claim. *Id.*, at 1112. Judicial immunity dismissals, on the other hand, are a merits decision and are dismissals for failure to state a claim. Therefore, such dismissals may be counted as strikes.

pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c). *Id.*, ECF Nos. 4 & 5. In the opinion, the court determined that two of the Defendants, Rlmontro and Kkirk, were entitled to quasi-judicial immunity in relation to their handling of his state-court filings and that Plaintiff's claims for injunctive relief against them were barred by *Rooker-Feldman*. *Id.*, ECF No. 4, PageID.45. The court noted that Plaintiff's claims against the other named Defendants in that case failed to state a claim. *Id.*, PageID.48–55. And, although the determination does not bind the Court at this juncture, the opinion specifically stated that the dismissal constituted a strike as described by 28 U.S.C. § 1915(g). *Id.*, PageID.55. Finally, the Court notes that in its order denying appeal, the Sixth Circuit stated:

> Harrison brought a civil rights action under 42 U.S.C. § 1983, claiming that the defendants violated his rights to procedural and substantive due process and equal protection when they denied him access to the courts by failing to docket his noncompliant proofs of service of summons. The district court determined that the defendants were acting on behalf of a court and entitled to quasi-judicial immunity. **Thus, the court dismissed the complaint for failure to state a claim** and entered its judgment on November 2, 2015. (emphasis added)

*Harrison v. Palmer et al.*, No. 1:15-cv-1005, ECF No. 17, PageID.141. Therefore, the Court concludes that this case is properly counted as a strike.

Finally, in *Harrison v. City of Detroit et al.*, No. 2:03-cv-73102, Plaintiff Harrison sought damages under § 1983 arising from his criminal conviction. The court held that because Plaintiff's conviction had not been overturned or invalidated, his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The court then dismissed Plaintiff's complaint for lack of merit without prejudice to Plaintiff's ability to pursue damages should he be successful in overturning his conviction. *Id.* Dismissals pursuant to *Heck* are "failure to state a claim" dismissals. *Kitchen v. Whitmer*, 106 F.4th 525, 534 n.4 (6th Cir. 2024). In addition, a courts dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief may be granted. *See Hunt v. Michigan*,

5

482 F.App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F..App'x 902, 903 (6th Cir. 2004) (same).

Moreover, Plaintiff's allegations in this case do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County,

Michigan. The events about which he complains occurred at that facility. Plaintiff sues Prisoner Counselor Unknown Douglas in his official and personal capacities.

Plaintiff has Hirschsprung's disease, which caused him to be born without a rectum, colon, or large intestine. (Compl., ECF No. 1, PageID.3.) Plaintiff's medical condition means that he has no control over the excretion of digested food and must use incontinence products. (*Id.*)

Plaintiff states that his medical issues often cause problems with his cellmates and staff and that he has been seriously assaulted several times when his cellmates took issue with biohazard problems created by his birth defect. (*Id.*, PageID.2.) Plaintiff states that on November 21, 2023, another prisoner, Prisoner Dodson, was ordered to move into Plaintiff's cell. (*Id.*, PageID.3.) Plaintiff stopped by Defendant's office to express his concerns and discuss her duty to protect him, and Defendant became visibly upset and began to yell at Plaintiff. (*Id.*, PageID.2.) Defendant told Plaintiff that any lawsuit he was going to file against her would be from segregation. (*Id.*)

When Plaintiff explained his condition to Prisoner Dodson, Dodson stated that he was not willing to live with Plaintiff and informed housing staff of the situation. (*Id.*, PageID.3) The Corrections Officer on duty referred Prisoner Dodson to Defendant, who told Prisoner Dodson that she could not move him until the following day because all of the administrative staff had left for the evening. (*Id.*, PageID.3–4.)

That evening, Prisoner Dodson and Plaintiff began to talk and realized that they were from the same area in Detroit and had many common acquaintances. Plaintiff and Prisoner Dodson then realized they would get along well and were going to try and make the best of the situation. (*Id.*, PageID.4.)

Less than 24 hours later, at 10:30 a.m. on November 22, 2023, Defendant wrote a false misconduct on Plaintiff stating that Plaintiff had threatened his cellmate, Prisoner Dodson, by

7

saying that he could not stay in "that cell and if he do he's going to assault him and f**k him up." (*Id.*, PageID.2) The misconduct further stated that Plaintiff said he had medical issues that would not allow him to have a "bunkie." (*Id.*) Plaintiff was subsequently removed from the cell, placed in handcuffs, and taken to segregation. (*Id.*) As Plaintiff was being taken to segregation, Defendant remarked, "Guess you won't be writing any grievance now." (*Id.*)

Plaintiff remained in segregation without access to deodorant, his over-the-counter medications, or his access to showers as needed detail. (*Id.*, PageID.2–3.) While in segregation, Plaintiff was forced to spend several days with feces on himself on his bedding without the ability to clean himself properly. (*Id.*, PageID.5.) The misconduct was dismissed at the hearing on November 30, 2023, after Prisoner Dodson stated that Plaintiff had never threatened him. (*Id.*, PageID.3; ECF No. 1-1, PageID.13–14.)

Plaintiff alleges no facts that would support an inference that he is in imminent danger of serious physical harm. His allegations relate to events that occurred more than 18 months before he filed his complaint. Plaintiff does not allege any facts regarding his situation at the time he filed his complaint.

Because Plaintiff has failed to allege imminent danger that might permit him to avoid the three-strikes bar, Plaintiff is barred from proceeding *in forma pauperis* in this action under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is

8

free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[4]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Moreover, Plaintiff is also prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   September 2, 2025                                        /s/ Robert J. Jonker
                                                                    Robert J. Jonker
                                                                    United States District Judge

---

[4] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.